UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RACHELLE LYNETTE CARLOCK,<br><br>Defendant. | Criminal Case No. 08MJ8433-PCL<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq*.), this Court conducted a detention hearing on May 21, 2008, to determine whether Rachelle Lynette Carlock (hereinafter "Defendant") should be held in custody pending trial, on the grounds that she is a flight risk and danger to the community. Assistant U.S. Attorney Fred Sheppard appeared on behalf of the United States. Attorney Shereen Charlick appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination conditions will reasonably assure the safety of the community.

## I.

## FINDINGS OF FACT

**A.    Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in Criminal Complaint No. 08MJ8433-PCL with three counts of furnishing fraudulent identification in order to obtain explosive materials, in violation of 18 U.S.C. §§ 842(a)(2) and 844(a).

2. If convicted of these charges, Defendant faces a maximum sentence of ten years' imprisonment as to each count.

3. Defendant is charged in Criminal Complaint No. 08MJ8433-PCL with two counts of being a convicted felon in possession of explosive materials, in violation of 18 U.S.C. §§ 842(i) and 844(a).

4. If convicted of these charges, Defendant faces a maximum sentence of ten years' imprisonment as to each count.

5. Defendant is charged in Criminal Complaint No. 08MJ8433-PCL with three counts of using a false identification in connection with a violation of federal law, in violation of 18 U.S.C. § 1028(a)(7).

6. If convicted of these charges, Defendant faces a maximum sentence of five years' imprisonment as to each count.

**B.    Weight of the Evidence Against Defendants (18 U.S.C.§ 3142(g)(2))**

1. On May 13, 2008, Defendant entered a gun store in San Diego County and attempted to purchase two bottles of black smokeless powder.

2. At the time and as required by the gun store's policy, an employee of the gun store photocopied the identification provided by Defendant.

3. Defendant then decided against this purchase of explosive material and demanded

1  both her identification and photocopy be returned because she was declining to purchase the two bottles.

4.  The gun-store employee provided both the identification and photocopy of the same to Defendant, but retained an additional photocopy of the identification; this retained photocopy was subsequently turned over to authorities.

5.  Video surveillance of the gun store from May 13, 2008, depicts an individual matching the description and appearance of Defendant involved in the above transaction.

6.  In addition, during the above incident, an employee of the gun store observed a tattoo of "Tony" on the right, inside forearm of the individual who attempted to purchase the explosive material on May 13, 2008; Defendant has this tattoo on her right, inside forearm.

7.  While the personal identifying information belongs to an unrelated individual, previously the victim of identity theft, the photograph on the identification tendered May 13, 2008, is that of Defendant.

8.  The gun store's records were searched for any purchases made by the individual listed on the identification tendered by Defendant on May 13, 2008.  This review revealed two prior purchases, on April 7, 2008, and May 1, 2008, of the same type of black, smokeless powder Defendant attempted to purchase on May 13, 2008.  On each prior occasion, two pounds of explosive material were purchased.

9.  On May 15, 2008, when arrested, Defendant possessed the same fraudulent identification used in the completed purchases of April 7, 2008, and May 1, 2008, as well as the attempted purchase of May 13, 2008.

**C.   History and Characteristics of Defendants (18 U.S.C.§ 3142(g)(3))**

1.  Defendant is a United States Citizen and resident of multiple addresses in the San Diego area.

2.  Defendant has four children, none of which reside with her.

3.  Defendant has most recently been employed for approximately five to eight weeks.

| | |
|---|---|
|1| 4. Defendant has an history of abusing crack cocaine.|
|2| 5. Defendant has an extensive criminal history, including robbery.|
|3| 6. As to nearly each criminal conviction, Defendant has history of either failing to appear in court, violation probation or violating parole. As to many of her convictions, Defendant failed to appear or violated probation or parole on multiple occasions.|

## II.

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offenses charged in Criminal Complaint No. 08 MJ8433-PCL; namely, furnishing fraudulent identification in order to obtain explosive materials, in violation of 18 U.S.C. §§ 842(a)(2) and 844(a); being a convicted felon in possession of explosive materials, in violation of 18 U.S.C. §§ 842(i) and 844(a); and using a false identification in connection with a violation of federal law, in violation of 18 U.S.C. § 1028(a)(7).

B. The crimes charged involve the actual purchase of four pounds of explosive material and the attempted purchase of an additional two pounds of explosive material, which the Court finds to involve a crime of violence.

C. At the time of her arrest, despite no indication of any use of the fraudulent identification other than when used in connection with the multiple purchases or attempted purchase of explosive material, Defendant continued to carry this fraudulent identification on her person.

D. At 31 years of age, Defendant has a sparse employment history coupled with a history of drug abuse.

E. In addition, Defendant has a history of criminal convictions and failures to appear for court appearances as well as numerous violations of both probation and parole.

F. The Court finds, by a preponderance of evidence, that the Government has carried

1 | the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

G.    The Court finds, by clear and convincing evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the safety of the community.

### III.

### ORDER

IT IS HEREBY ORDERED that Defendant Rachelle Lynette Carlock be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: June 6, 2008

THE HONORABLE PETER C. LEWIS
United States Magistrate Judge

Prepared by:

_____

Fred Sheppard
Assistant U.S. Attorney

cc: Shereen Charlick, Esq.

5