**SHEREEN J. CHARLICK**
California State Bar No. 147533
**NORMA A. AGUILAR**
California State Bar No. 211088
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467

Attorneys for Ms. Rachelle Lynette Carlock

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARGARET M. MCKEOWN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RACHELLE LYNETTE CARLOCK,<br><br>Defendant. | CASE NO. 08cr1895-MMM<br><br>DATE:  July 23, 2008<br>TIME:   9:30 a.m.<br><br>NOTICE OF MOTION AND MOTIONS  TO:<br><br>(1)    COMPEL DISCOVERY; AND<br>(2)    FOR LEAVE TO FILE FURTHER<br>         MOTIONS |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY;
          MICHAEL SKERLOS, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Wednesday, July 23, 2008 at 9:30 a.m., Ms. Carlock, the accused in this case, by and through her attorneys, Shereen J. Charlick, Norma A. Aguilar and Federal Defenders of San Diego, Inc., will request this Court to enter an order granting the following motions.

//
//
//
//
//

# **MOTIONS**

Ms. Carlock, by and through her attorneys, Shereen J. Charlick, Norma A. Aguilar and Federal Defenders of San Diego, Inc., requests this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

1)    Compel Discovery; and

2)    Leave to File Further Motions

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may be adduced prior to or during the hearing of these motions.

Respectfully submitted,


Dated:  July 9, 2008                           */s/  Shereen J. Charlick*
                                               SHEREEN J. CHARLICK
                                               Federal Defenders of San Diego, Inc.
                                               Attorneys for Ms. Carlock

1.                    **<u>CERTIFICATE OF SERVICE</u>**

Counsel for Defendant certifies that the foregoing document is true and accurate to the best of her

information and belief, and that a copy of the foregoing document has been served this day upon:

**Michael P. Skerlos, Assistant United States Attorney**

Mike.Skerlos@usdoj.gov


Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who
therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word
processing program in order to create notices or labels for these recipients.

(No manual recipients)


Dated:  July 9, 2008                              ___/s/  Shereen J. Charlick___
                                                  SHEREEN J. CHARLICK
                                                  Federal Defenders
                                                  225 Broadway, Suite 900
                                                  San Diego, CA 92101-5030
                                                  (619) 234-8467  (tel)
                                                  (619) 687-2666  (fax)
                                                  e-mail: Shereen_Charlick@fd.org

1  **SHEREEN J. CHARLICK**
California State Bar No. 147533
2  **NORMA A. AGUILAR**
California State Bar No. 211088
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
4  San Diego, California  92101-5008
Telephone:  (619) 234-8467
5

6  Attorneys for Ms. Rachelle Lynette Carlock

7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11                 **(HONORABLE MARGARET M. MCKEOWN)**

12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08cr1895-MMM |
| Plaintiff, ) | |
| ) | STATEMENT OF FACTS AND MEMORANDUM |
| ) | OF POINTS AND AUTHORITIES IN SUPPORT |
| v. ) | OF MS. CARLOCK'S MOTIONS |
| ) | |
| RACHELLE LYNETTE CARLOCK, ) | |
| Defendant. ) | |
| _____ ) | |

20                              **I.**

21                         **INTRODUCTION**

22        Ms. Rachelle Carlock, through counsel, files the following motion seeking further discovery.

23  She will be filing further motions seeking suppression of statements made, searches conducted and

24  indictment challenges but is unable to file them at the present time due to incomplete discovery and

25  a further motion pending with the Court which should provide support for her suppression of

26  statements motion.  She seeks the discovery requested below and the ability to file further motions

27  in approximately 30 days from the date of the July 23, 2008 motion hearing.

28

**I.**

**STATEMENT OF FACTS**

Ms. Rachelle Carlock is presently charged in a six-count indictment with various offenses alleged to have occurred in a gunshop on three occasions: on April 7, 2008, on May 1, 2008 and again on May 13, 2008. The government claims that on the first two occasions, she used a driver's license in a false name and purchased smokeless gunpowder. She is charged with using the false identification on all three dates intending to deceive the gunshop dealer in order to obtain explosive materials in violation of 18 U.S.C. §§ 842(a)(2) & 844(a) (counts 1-3). *See* Exhibit A, Indictment. She also is charged with being a convicted felon in possession of the smokeless gunpowder on April 7 and May 1, 2008 in violation of 18 U.S.C. §§ 842(i) & 844(a) (counts 4 & 5). *Id.* Finally, she is charged in counts 6-8 with using another's person's identification with intent to violate federal law (specifically 18 U.S.C. §§ 842(a)(2) & 842(i)(1)) all in violation of 18 U.S.C. § 1028(a)(7) & 1028(b)(2)(B).

Ms. Carlock was arrested in San Diego on May 15, 2008. Her arrest was not the result of any law enforcement investigation where she was linked to the pipebomb incident, but, rather it was the result of a local gunshop, which called in a report about a suspicious attempted purchase of a standard issue of smokeless gunpowder. *See* Exhibit B, Criminal Complaint & supporting affidavit. While no court document to date specifies that Ms. Rachelle Carlock was involved with the incident where a pipe bomb was detonated near the courthouse door on May 4, 2008, this is the unstated accusation and is the reason why Ms. Carlock, who was arrested in the City of San Diego, was brought to El Centro for a detention hearing held in front of Magistrate Judge Lewis. Based upon independent investigation, undersigned counsel believes that the government relied on information provided by a woman named Ella Louse Sanders in concluding that Ms. Carlock is involved in the courthouse bombing incident. Ms. Sanders was incarcerated in the Riverside County Jail on charges related to a shoplifting/petty theft with a prior arrest, and undersigned believes that government officials have interviewed Ms. Sanders though the discovery provided to date does not contain any such reports. Based upon telephone calls made by Ms. Sanders to others, it appears that Ms. Sanders believed that certain promises were made to her, she was permitted some temporary release with law enforcement

1  and she made recorded telephone calls from the Riverside County Jail where she urged other

2  individuals to corroborate what she had told law enforcement so that she could obtain her own

3  release.[1]

4        Law enforcement officials, including at least one of the prosecutors in this case also

5  interviewed some of the witnesses who Ms. Sanders called.  Undersigned believes, based upon

6  independent investigation, that these witnesses also told government officials that Ms. Carlock was

7  far away from the courthouse around the time of the bombing, that she was not capable of doing

8  something like this and provided other exculpatory information about both Ms. Carlock and

9  impugning the credibility of Ms. Sanders.  None of these materials have been provided to the defense.

10        Upon arrest, Ms. Carlock was questioned by law enforcement but her interrogation was neither

11  audio nor videotaped.  There is a lengthy report of what it appears to be a not always coherent and

12  far from consistent recitation of Ms. Carlock's interrogation.

13  **II.**

14  **MOTION TO COMPEL DISCOVERY**

15        Ms. Carlock moves for the production of the following discovery.  This request is not limited

16  to those items that the prosecutor knows of, but rather includes all discovery listed below that is in

17  the custody, control, care, or knowledge of any "closely related investigative [or other] agencies."

18  *See United States v. Bryan,* 868 F.2d 1032 (9th Cir. 1989).

19      (1) <u>The Defendant's Statements</u>.  Presumably, there are no written statements but to date none

20  have been disclosed as is required by Rule 16; however, the oral statements provided to date appear

21  incomplete.  If there are any rough notes taken by the interrogating agents which can complete the

22  picture of Ms. Carlock's interrogation, the defense seeks them at this time.  Ms. Carlock is entitled

23  to the substance of any statements she made which the government intends to offer in evidence at

24  trial, either in its case-in-chief or in rebuttal; any response to interrogation; the substance of any oral

25  statements which the government intends to introduce at trial and any written summaries of the

26  defendant's oral statements contained in the handwritten notes of the government agent; any response

27  to any *Miranda* warnings which may have been given to the defendant; as well as any other

28

1 Undersigned seeks any and all reports detailing this information.

08cr1895-MMM

1  statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the

2  1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's

3  statements, whether oral or written, regardless of whether the government intends to make any use

4  of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's

5  rights to a fair trial." *United States v. Rodriguez*, 799 F.2d 649 (11th Cir. 1986); *see also United*

6  *States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provides

7  statements offered in rebuttal -- "government's failure to disclose "'statement[s] made by the

8  defendant is . . . serious a detriment to the preparation for trial and the defense of serious criminal

9  charges"). We have yet to receive the verbatim statement made by Ms. Carlock. Here the record of

10 Ms. Carlock's statements appear incomplete and the government should make inquiry of its agents

11 and provide handwritten notes or any other recitation of Ms. Carlock's statements.

12      (2) <u>Arrest Reports and Notes</u>. The defendant also specifically requests the government to turn

13 over all arrest reports, notes, dispatch tapes and police records relating to the circumstances

14 surrounding her arrest or any questioning. This request includes, but is not limited to, any rough

15 notes, records, reports, transcripts or other documents in which statements of the defendant or any

16 other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P.

17 16(a)(1)(A) and *Brady v. Maryland,* 373 U.S. 83 (1963). The government must produce arrest

18 reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports

19 pertaining to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); *United States*

20 *v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be

21 preserved); *see also United States v. Anderson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming

22 *Harris'* holding).

23      (3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and

24 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

25 of the government's case. *Kyles v. Whitley*, 514 U.S. 419 (1995). Under *Brady, Kyles* and progeny,

26 impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the

27 accused. *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97

28

1  (1976).  All information, including notes, memos, the substance of conversation (even if not yet

2  memorialized) should be disclosed.

3         This should include interview reports of Ms. Ella Sanders, Mr. Donny Love, Mr. Eric Roberts

4  and any other witnesses who cast doubt on the credibility of Ella Sanders, of Ms. Carlock herself, or

5  who provided any exculpatory information about Ms. Carlock.  This would include, in this case, any

6  description of Ms. Carlock's mental state, drug use issues, and general mental acumen.  Undersigned

7  has reason to believe these exist and Ms. Carlock is entitled to reports, memos, notes and the like,

8  detailing these facts.

9         Similarly, any evidence relating to the bombing of the Fed Ex building which has a locational

10  nexus to Ms. Ella Sanders is exculpatory information and should be provided.

11         (4)  <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The

12  government must also produce this information under *Brady v. Maryland*.  This request includes any

13  cooperation or attempted cooperation by the defendant as well as any information that could affect

14  any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The

15  defendant also requests any information relevant to a Chapter Three adjustment, a determination of

16  the defendant's criminal history, and information relevant to any other application of the Guidelines.

17         (5)  <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record.  Fed.

18  R. Crim. P. 16(a)(1)(B), including both convictions and arrests, if applicable.

19         (6)  <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar

20  acts under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request

21  of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

22  general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at

23  trial.  This applies not only to evidence which the government may seek to introduce in its case-in-

24  chief but also to evidence which the government may use as rebuttal.  *See United States v. Vega*, 188

25  F. 3d 1150 (9th Cir. 1999).  The defendant is entitled to "reasonable notice" so as to "reduce

26  surprise," preclude "trial by ambush" and prevent the "possibility of prejudice."  *Id.; United States

27  v. Perez-Tosta*, 36 F.3d 1552, 1560-61 (11th Cir. 1994), and he requests such notice at least two

28  weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

There appears to have been a search warrant of a cell phone and searches conducted of Mr. Donny :Love's residence in Menifee. No records of items seized or affidavits in support of such warrants have been produced. Ms. Carlock seeks these things.

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the remnants of the pipebomb, the results of any testing, the samples tested, the results of any fingerprint analysis, the vehicle which the government believes is related to the pipebomb incident -- in the condition it was in when seized by the government, the defendant's personal effects, any effects found within any vehicle connected with the pipebomb incident, Ms. Carlock's arrest or any other aspect of the investigation, the tape-recorded phone calls from the Riverside jail for Ms. Ella Sanders, and any evidence seized from the defendant or any third party in relation to the charges or the investigation of the pipebomb incident.

In addition, Ms. Carlock requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles*, 514 U.S. at 419; *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Lacy,* 896 F. Supp. 982 (N.D. Cal. 1995). At a minimum, the prosecutor has the obligation to inquire of his or her agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(9) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including identification documents, photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant or were otherwise gathered during the course of the investigation in this case. *See* Fed. R. Crim. P. 16(a)(1)(c). The defense has received certain videotapes in this case which it has reviewed under a protective order. They are incomplete however,

1  and the defense believes others exist.  If the government is utilizing any technology to enhance these

2  taperecordings, the defense seeks the name of the technology and to review any enhanced product.

3  (10)  <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written

4  summary of the testimony of any person that the government intends to call as an expert witness

5  during its case in chief.  Fed. R. Crim. P. 16(a)(1)(E).  The defense requests the notice of expert

6  testimony be provided at a minimum of one month prior to trial so that the defense can properly

7  prepare to address and respond to this testimony, including obtaining its own expert and/or

8  investigating the opinions, credentials of the government's expert.  The defense also requests a

9  hearing in advance of trial to determine the admissibility of qualifications of any expert.  *See Kumho*

10  *v.  Carmichael Tire Co.* 526 US. 137 (1999) (trial judge is "gatekeeper" and must determine,

11  reliability and relevancy of expert testimony and such determinations may require "special briefing

12  or other proceedings").

13  (11)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any

14  prospective government witness is biased or prejudiced against the defendant, or has a motive to

15  falsify or distort his or her testimony.

16  (12)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective

17  government witness has engaged in any criminal act whether or not resulting in an arrest or a

18  conviction and whether any witness has made a statement favorable to the defendant.  *See* Fed. R.

19  Evid. 608, 609 and 613; *Brady v. Maryland*.

20  (13)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests

21  any evidence that any prospective witness is under investigation by federal, state or local authorities

22  for any criminal conduct.

23  (14)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.

24  The defense requests any evidence, including any medical or psychiatric report or evaluation, that

25  tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the

26  truth is impaired, and any evidence that a witness has ever used narcotics or other controlled

27  substance, or has ever been an alcoholic.

28

(15) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes and radio communications, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview notes are subject to Jencks Act).

(16) <u>Giglio Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(17) <u>Agreements Between the Government and Witnesses</u>.  In this case, if there are cooperating witnesses who have committed crimes but were not charged so that they may testify for the government in this case, the defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

Pursuant to *United States v.  Sudikoff,* 36 F. Supp.2d 1196 (C.D. Cal.  1999), the defense requests <u>all</u> statements made, either personally or through counsel, <u>at any time</u> which relate to the witnesses statements regarding this case, any promises, implied or express regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time regarding non-prosecution or any other benefit, including the ability to remain in the United States.

1    (18)  <u>Informants and Cooperating Witnesses</u>.  To the extent that there was any informant, or

2  any other tip leading to the arrest, the defendant requests disclosure of this fact, along with the names

3  and addresses of all informants or cooperating witnesses used or to be used in this case, and in

4  particular, disclosure of any informant who was a percipient witness in this case or otherwise

5  participated in the crime charged against Ms. Carlock.  The government must disclose the informant's

6  identity and location, as well as disclose the existence of any other percipient witness unknown or

7  unknowable to the defense.  *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957).  The government

8  must disclose any information derived from informants which exculpates or tends to exculpate the

9  defendant.

10    (19)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any

11  information indicating bias on the part of any informant or cooperating witness.  *Giglio v. United*

12  *States*, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors,

13  payments or threats were made to the witness to secure cooperation with the authorities.

14    (20)  <u>Laboratory Analysis</u>:  Ms. Carlock believes that laboratory analysis has been conducted

15  on physical evidence in this case but has seen nothing to date regarding the analysis or any results.

16  She seeks these items at this time.

17    (21)  <u>Residual Request</u>.  Ms. Carlock intends by this discovery motion to invoke his rights to

18  discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

19  Constitution and laws of the United States.  Ms. Carlock requests that the government provide him

20  and his attorney with the above requested material sufficiently in advance of trial to avoid

21  unnecessary delay prior to cross-examination.

22                                           **III.**

23                  **<u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>**

24    Ms. Carlock and defense counsel have received limited discovery in this case.  As new

25  information surfaces due to the government providing discovery in response to these motions or an

26  order of this court, defense will be filing further motions in order to protect her Fifth and Sixth

27  Amendment rights.  Defense counsel requests the opportunity to file further motions based upon

28  information gained from discovery.

# IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Ms. Carlock respectfully requests that the Court grant the above discovery motion and provide her with the requested items and a new date to litigate substantive motions.

Respectfully submitted,


Dated:  July 9, 2008                          ___*/s/  Shereen J. Charlick*___
                                              SHEREEN J. CHARLICK
                                              NORMA A. AGUILAR
                                              Federal Defenders of San Diego, Inc.
                                              Attorneys for Ms. Carlock

Exhibit A

08 JUN 10 PM 12: 33

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

**08 CR 1895 MMM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. _____ |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | Title 18, U.S.C., Secs. 842(a)(2) and 844(a) - Use of False Identification to Obtain Explosive Materials; Title 18, U.S.C., Sec. 842(i)(1) - Felon in Possession of Explosive Materials; Title 18, U.S.C., Secs. 1028A(a)(7) and (b)(2)(B) - Fraud in Connection with Identification Documents |
| RACHELLE LYNETTE CARLOCK, | ) | |
| Defendant. | ) | |

The grand jury charges:

<u>Count 1</u>

On or about April 7, 2008, within the Southern District of California, defendant RACHELLE LYNETTE CARLOCK, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver's License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

//

MPS:fer:San Diego
6/10/08

<u>Count 2</u>

1
2    On or about May 1, 2008, within the Southern District of
3 California, defendant RACHELLE LYNETTE CARLOCK, knowingly furnished
4 and exhibited a false, fictitious, and misrepresented identification,
5 to wit, a California Driver's License in the name of "S.M.G." to a
6 licensed dealer in explosive materials, which identification was
7 intended to deceive and likely to deceive said dealer, for the
8 purpose of obtaining explosive materials pursuant to Chapter 40 of
9 Title 18 of the United States Code, in violation of Title 18,
10 United States Code, Sections 842(a)(2) and 844(a).

11                              <u>Count 3</u>

12    On or about May 13, 2008, within the Southern District of
13 California, defendant RACHELLE LYNETTE CARLOCK, knowingly furnished
14 and exhibited a false, fictitious, and misrepresented identification,
15 to wit, a California Driver's License in the name of "S.M.G." to a
16 licensed dealer in explosive materials, which identification was
17 intended to deceive and likely to deceive said dealer, for the
18 purpose of obtaining explosive materials pursuant to Chapter 40 of
19 Title 18 of the United States Code, in violation of Title 18,
20 United States Code, Sections 842(a)(2) and 844(a).

21                              <u>Count 4</u>

22    On or about April 7, 2008, within the Southern District of
23 California, defendant RACHELLE LYNETTE CARLOCK, who had been convicted
24 in the San Diego Superior Court on November 11, 1999, of California
25 Penal Code Section 211, a crime punishable by imprisonment for a term
26 exceeding one year, knowingly received and possessed explosive
27 materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder),
28 which had been shipped and transported in interstate commerce from

1  Herrington, Kansas to San Diego, California, in violation of Title 18,

2  United States Code, Sections 842(i) and 844 (a).

3                              Count 5

4      On or about May 1, 2008, within the Southern District of

5  California, defendant RACHELLE LYNETTE CARLOCK, who had been convicted

6  in the San Diego Superior Court on November 11, 1999, of California

7  Penal Code Section 211, a crime punishable by imprisonment for a term

8  exceeding one year, knowingly received and possessed explosive

9  materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder),

10 which had been shipped and transported in interstate commerce from

11 Herrington, Kansas to San Diego, California, in violation of Title 18,

12 United States Code, Sections 842(i) and 844 (a).

13                             Count 6

14     On or about April 7, 2008, within the Southern District of

15 California, defendant RACHELLE LYNETTE CARLOCK, did knowingly possess

16 and use, in and affecting interstate commerce, without lawful

17 authority, a means of identification of another person, to wit, a

18 California Driver's License in the name of "S.M.G.", with the intent

19 to commit unlawful activities that constitute a violation of federal

20 law, to wit, Use of False Identification to Obtain Explosive Materials

21 in violation of Title 18, United States Code, Section 842(a)(2) and

22 Felon in possession of Explosive Materials in violation of Title 18,

23 United States Code, Section 842(i)(1); all in violation of Title 18,

24 United States Code, Sections 1028(a)(7) and (b)(2)(B).

25                             Count 7

26     On or about May 1, 2008, within the Southern District of

27 California, defendant RACHELLE LYNETTE CARLOCK, did knowingly possess

28 and use, in and affecting interstate commerce, without lawful

                                 3

1  authority, a means of identification of another person, to wit, a
2  California Driver's License in the name of "S.M.G.", with the intent
3  to commit unlawful activities that constitute a violation of federal
4  law, to wit, Use of False Identification to Obtain Explosive Materials
5  in violation of Title 18, United States Code, Section 842(a)(2) and
6  Felon in possession of Explosive Materials in violation of Title 18,
7  United States Code, Section 842(i)(1); all in violation of Title 18,
8  United States Code, Sections 1028(a)(7) and (b)(2)(B).

9                                    Count 8

10     On or about May 13, 2008, within the Southern District of
11 California, defendant RACHELLE LYNETTE CARLOCK, did knowingly possess
12 and use, in and affecting interstate commerce, without lawful
13 authority, a means of identification of another person, to wit, a
14 California Driver's License in the name of "S.M.G.", with the intent
15 to commit unlawful activities that constitute a violation of federal
16 law, to wit, Use of False Identification to Obtain Explosive Materials
17 in violation of Title 18, United States Code, Section 842(a)(2) and
18 Felon in possession of Explosive Materials in violation of Title 18,
19 United States Code, Section 842(i)(1); all in violation of Title 18,
20 United States Code, Sections 1028(a)(7) and (b)(2)(B).

21     DATED: June 10, 2008.

22                                          A TRUE BILL:

23

24                                          _____
                                            Foreperson

25 KAREN P. HEWITT
   United States Attorney
26

27
   By: _____
28     MICHAEL P. SKERLOS
       Assistant U.S. Attorney

                                    4

Exhibit B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. **'08 MJ 84 33** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF**: |
| v. | ) | |
| | ) | Title 18, U.S.C., Sections 842(a)(2); |
| | ) | (i)(1); 1028A(a)(7) - |
| | ) | Use of False Identification to Obtain |
| | ) | Explosive Materials; Felon in |
| | ) | Possession of Explosive Materials; |
| | ) | Fraud in Connection |
| RACHELLE LYNETTE CARLOCK, | ) | with Identification |
| | ) | Documents |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about April 7, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver;s License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

### Count 2

On or about May 1, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver's License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

**Count 3**

On or about May 13, 2008, within the Southern District of California, defendant, Rachelle Lynette Carlock, knowingly furnished and exhibited a false, fictitious, and misrepresented identification, to wit, a California Driver's License in the name of "S.M.G." to a licensed dealer in explosive materials, which identification was intended to deceive and likely to deceive said dealer, for the purpose of obtaining explosive materials pursuant to Chapter 40 of Title 18 of the United States Code, in violation of Title 18, United States Code, Sections 842(a)(2) and 844(a).

**Count 4**

On or about the April 7, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, who had been convicted in the San Diego Superior Court, on November 11, 1999, of California Penal Code Section 211, a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed explosive materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder), which had been shipped and transported in interstate commerce from Herrington, Kansas to San Diego, California, in violation of Title 18, United States Code, Sections 842(i) and 844(a).

**Count 5**

On or about the May 1, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, who had been convicted in the San Diego Superior Court, on November 11, 1999, of California Penal Code Section 211, a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed explosive materials, namely, Hodgdon's Triple Se7en Powder (a smokeless powder), which had been shipped and transported in interstate commerce from Herrington, Kansas to San Diego, California, in violation of Title 18, United States Code, Sections 842(i) and 844(a).

**Count 6**

On or about April 7, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

**Count 7**

On or about May 1, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

**Count 8**

On or about May 13, 2008, in the Southern District of California, the defendant, Rachelle Lynette Carlock, did knowingly possess and use, in and affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a California Driver's License in the name of "S.M.G." with the intent to commit unlawful activities that constitute a violation of Federal law, to wit, Use of False Identification to Obtain Explosive Materials in violation of Title 18, United States Code Section 842(a)(2) and Felon in Possession of Explosive Materials in violation of Title 18, United States Code Section 842 (i)(1); all in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(2)(B).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS _16th_ DAY OF MAY, 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I declare, under penalty of perjury, the following is true and correct:

I, Ronald T. Ribail, being duly sworn, depose and state:

I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed for the past five years. I am currently assigned to the Imperial County Resident Agency of the San Diego Field Office, where my primary investigative responsibilities are to conduct counter-terrorism investigations.

In addition to the experience gained over the past five years, I have received extensive training in conducting complex investigations and the preparation and execution of search warrants, while at the FBI Academy in Quantico, Virginia.

### VIOLATIONS BEING INVESTIGATED

Your affiant is investigating violations of Title 18, United States Code, Section 842(a)(2) and (i)(1), Use of False Identification to Obtain Explosive Materials and Felon in Possession of Explosive Materials, and Title 18, United States Code, Section 1028(a)(7), Fraud in Connection with Identification Documents.

In preparing this affidavit, I have relied upon information made available to me by other law enforcement officers and agencies.

I have not set forth each and every detail obtained over the course of this investigation. I have only set forth those facts and circumstances that I believe are necessary to establish probable cause to believe Rachelle Lynette Carlock committed the above referenced crimes.

## POWDER PURCHASE AT GUN STORE IN SAN DIEGO COUNTY

On May 13, 2008, information was received indicating that a suspicious person was attempting to purchase various granular sizes of *Hodgdon's TRIPLE SE7EN* powder at a gun store located in San Diego County (hereinafter referred to as gun store). Further investigation indicated the following: an African American female with curly hair extending down past her shoulders approached an employee of the gun store, (a Federal Firearms Licensee), licensed to deal in explosives, about a powder purchase. The employee identified two bottles of black powder which the female was interested in and set them on the counter for her to inspect. The employee obtained the female's identification card (a California driver's license) which is part of the record-keeping process for making a powder purchase. The employee was going to transcribe the information from the driver's license onto an information sheet, but another employee verbally reminded him of the new store policy, which is to obtain a photocopy of the identification card. The female acted surprised by this new procedure and departed the store.

The female walked back into the store after approximately five minutes and informed the employee that she no longer desired to conduct the powder purchase. Furthermore, she wanted the photocopy of her identification card back from the store. The employee responded that he would give her the photocopy back, but had to first ask his supervisor if it was permissible. The employee went into a back room and made a second copy of the original photocopy, then returned to the female at the counter, providing her with one of the two copies. The female then departed the store.

The two bottles presented to the female for inspection were handled by her. When investigators arrived at the gun store, the store employees provided the original two bottles.

5

These bottles were taken into custody for potential latent fingerprint analysis. One of the bottles was labeled as *Hodgdon TRIPLE SE7EN* in FFG granular size.

The identification card presented by the female had a photograph on it which store employees and video surveillance indicated matched her actual appearance. The California driver's license (CDL) number on the identification card, when queried with California Department of Motor Vehicles, resulted in a record that contained a picture of a completely different person (different race, height, and weight). The name on this identification card was S.M.G. (I have intentionally excluded the complete name on the CDL to protect the identity of that individual, who appears to have no relation to these events, but instead appears to be the innocent victim of an identity theft.)

San Diego Police Department records indicate that in 2007, an individual named S.M.G. was a crime victim. The report indicated that the crime involved False Personation. Local law enforcement indicated that this charge was a type of identity theft. Further investigation indicated that the crime involved was the attempted or actual cashing of checks in the name of S.M.G. by another unknown person.

The gun store records were reviewed for earlier purchases of powder by anyone identifying themselves as S.M.G. They indicated that on April 7, 2008, someone identified as S.M.G. made a purchase of two pounds of *Hodgdon TRIPLE SE7EN* powder. Additionally, on May 1, 2008, someone identified as S.M.G. bought an additional two pounds of *Hodgdon TRIPLE SE7EN* powder.

## CARLOCK'S TRUE CALIFORNIA DRIVER'S LICENSE

Carlock's true California driver's license record, containing a photograph, was located. The photograph associated with Carlock's CDL is the same photograph used on SMG's CDL. In

other words, it appears as if SMG's CDL was altered by substituting Carlock's photograph for SMG's photograph.

Furthermore, the gun store provided a copy of the video recording from inside the store. The videotape from May 13, 2008, was reviewed by agents. The videotape depicts a female matching Carlock's description, as well as the photographs on Carlock's CDL, and the altered SMG CDL used in the transactions at the gun store.

A review of California law enforcement records indicate that Carlock has a tattoo on her right inside forearm that depicts the name "TONY" in script. An employee at the gun store who saw the suspicious black female on May 13, 2008, indicated that they saw a tattoo on her arm that spelled "TONY."

## CARLOCK'S PRIOR FELONY CONVICTION

ATF Special Agent Galvan has informed me that San Diego County District Attorney Investigator Ken Freshwater told him that on November 11, 1999, in the San Diego Superior Court, Rachelle Lynette Carlock was convicted of California Penal Code Section 211, and sentenced to two years in state prison. Upon completing her prison term she was paroled to a half-way house in San Diego, and ultimately completed her parole in 2006.

## **CONCLUSION**

Based on the aforementioned information, the author believes that probable cause

exists for the arrest of Rachelle Lynette Carlock, for a violation of Title 18, United States

Code Sections 842(a)(2); 842 (i)(1); and 1028(a)(7).

Ronald T. Ribail
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me
this 16th day of May, 2008

PETER C. LEWIS
United States Magistrate Judge

8