KAREN P. HEWITT
United States Attorney
MICHAEL P. SKERLOS
Assistant United States Attorney
California State Bar No. 179617
WILLIAM P. COLE
Assistant United States Attorney
California State Bar No. 186772
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6778
Email: Mike.Skerlos@usdoj.gov
           William.P.Cole@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. MARGARET MCKEOWN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. Case No. 08CR1895-MMM |
| ) | |
| Plaintiff, ) | GOVERNMENT'S RESPONSE IN |
| ) | OPPOSITION TO DEFENDANT'S |
| v. ) | MOTIONS TO: |
| ) | 1) COMPEL DISCOVERY; AND |
| RACHELLE LYNETTE CARLOCK, ) | 2) FOR LEAVE TO FILE FURTHER |
| ) | MOTIONS |
| Defendant. ) | |
| ) | Date:   July 23, 2008 |
| ) | Time:   9:30 a.m. |

COMES NOW Plaintiff United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Michael P. Skerlos and William P. Cole, Assistant U.S. Attorneys, and files its Response in Opposition to Defendant's above-referenced motions.  The response is based upon the files and records of the case together with the following statement of facts and memorandum of points and authorities.

//

//

//

//

//

**I**

**STATEMENT OF FACTS**

On both April 7 and May 1, 2008, defendant Rachelle Carlock used a fraudulent California driver's license to purchase Hodgson's "Triple Se7en" powder from a gun shop in San Diego County. She purchased the powder despite having a prior felony conviction.

On May 13, 2008, she tried to purchase additional powder from the same gun shop, but left the shop after learning that the shop's new procedure was to photocopy the customer's driver's license.

On June 10, 2003, a grand jury returned an eight-count indictment charging Carlock with three counts of using false identification to obtain explosive materials, in violation of 18 U.S.C. §§ 842(a)(2) and 844(a), two counts of felon in possession of explosive materials, in violation of 18 U.S.C. §§ 842(I) and 844(a), and three counts of fraud in connection with identification documents, in violation of 18 U.S.C. §§ 1028A(a)(7) and (b)(2)(B).

Throughout her discovery motion, Carlock seeks documents and items related to charges she does not face. Presently, the only charges against Carlock pertain to the gun powder purchases on April 7 and May 1, 2008, and the attempted purchase on May 13, 2008.

**II**

**RESPONSE TO MOTION TO COMPEL DISCOVERY**

The Government has produced 58 pages and two disks in discovery. The Government will continue to make additional discovery available for inspection. The Government intends to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure, as more fully discussed below.

**A.  The Government Will Disclose Information
    Subject to Disclosure Under Rule 16(a)(1)(A) and (B)
    of the Federal Rules of Criminal Procedure**

The Government will disclose statements of the defendant as provided by Rule 16(a)(1)(A) and (B). The defendant is not entitled to summaries of oral statements of the defendant made to persons not known by her to be government agents, and the memorialization of any such statements in a written

report does not make them discoverable as "written" statements of the defendant. United States v. Hoffman, 794 F.2d 1429, 1432 n.4 (9th Cir. 1986).

Agent rough notes, to the exist they exist, will not be produced as part of Rule 16 discovery. A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. See United States v. Bobadilla-Lopez, 954 F.2d 519, 522-23 (9th Cir. 1992) (holding that border patrol agent's recorded radio transmissions were not Jencks Act statements, stating that they "share the same rough, incomplete nature as notes hurriedly jotted during surveillance"); United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980) (rough, incomplete notes not Jencks Act statements); see also United States v. Alvarez, 86 F.3d 901, 906 (9th Cir. 1996) (transcribed copies of investigator's dictated surveillance notes not subject to disclosure under Jencks Act); United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991).

### B.  The Government Will Comply With Rule 16(a)(1)(D)

The Government has provided the defendant's "rap sheet" to defense counsel. If the Government becomes aware of additional criminal history, it will provide that additional information to the defense.

### C.  The Government Will Comply With Rule 16(a)(1)(E)

The Government will permit the defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the defendant.

//
//
//
//
//
//

1      The defendant is not entitled to all evidence known or believed to exist which is, or may be,
2 favorable to the accused, or which pertains to the credibility of the Government's case. As stated in
3 United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-775 (citations omitted); see also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government not required to create exculpatory material that does not exist).

**D.    The Government Will Comply With Rule 16(a)(1)(F)**

As provided by Rule 16(a)(1)(F), the Government will permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession of the Government, and by the exercise of due diligence may become known to the attorney for the Government and are material to the preparation of the defense or are intended for use by the Government as evidence-in-chief at the trial.

**E.    The Defendant is Not Entitled to the Disclosure of Witness Statements Prior to the Witness Testifying on Direct Examination at Trial**

Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only upon timely motion after the witness testifies on direct examination. See United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981). Even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

**F.    Expert Witnesses**

Well in advance of trial, the Government will give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief.

/ /

### G. Brady and Henthorn Material

The Government will perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment, as well as its duty under Giglio v. United States, 405 U.S. 150 (1972), to provide information on any benefits provided to Government witnesses in exchange for their testimony.[1] Additionally, the Government will examine the personnel records of any Government personnel who will testify at trial, and provide such material as the defense may be entitled to receive under United States v. Henthorn, 931 F. 2d 29 (9th Cir. 1991).

To the extent the defendant's discovery requests exceed the scope of Rule 16 and Brady, as set forth above, the Government objects to the requests.

## III

## DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

The Government opposes the defendant filing further motions unless they are based on new discovery or other information not available to the defendant at the time of the present motion hearing.

//
//
//
//
//
//

---

[1] The Government disagrees with Carlock's characterization of the obligations imposed by Brady. However, because Brady is not a pre-trial discovery rule, the Government does not respond at this time to each of her arguments. See United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) ("Brady does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure."); United States v. Coppa, 267 F.3d 132, 140 (2d Cir. 2001) ("Although the government's obligations under Brady may be thought of as a constitutional duty arising before or during the trial of a defendant, the scope of the government's constitutional duty -- and, concomitantly, the scope of a defendant's constitutional right -- is ultimately defined retrospectively, by reference to the likely effect that the suppression of particular evidence had on the outcome of the trial." (citations omitted)); United States v. Causey, 356 F. Supp. 2d 681, 688 (S.D. Tex. 2005) ("Since Brady and its progeny neither establish nor govern a rule of discovery but, instead, a self-executing constitutional rule that due process requires the prosecutor to disclose evidence favorable to the accused that is material to guilt or punishment, the court concludes that defendants' motions for production of Brady material should be denied.").

## IV

## CONCLUSION

For the above stated reasons, the Government requests that the defendant's motions be denied.

DATED: July 16, 2008

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

          s/William P. Cole

          MICHAEL P. SKERLOS
          WILLIAM P. COLE
          Assistant United States Attorneys

          Attorneys for Plaintiff
          United States of America

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                            )<br>            Plaintiff,              )<br>                                                            )<br>       v.                                           )<br>                                                            )<br>RACHELLE LYNETTE CARLOCK, )<br>                                                            )<br>            Defendant.            )<br>_____ ) | Case No. 08cr1895-MMM<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, William P. Cole, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.
    I am not a party to the above-entitled action. I am effecting service of
**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO: (1) COMPEL DISCOVERY AND (2) FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Shereen J. Charlick
    2. Norma Aguilar

    I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1.  N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 16, 2008.

                                                       s/ William P. Cole
                                                       WILLIAM P. COLE